IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANA MODZ, LLC, an Illinois Limited Liability Company,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>GORILLA VAPES, LLC, a New Jersey Limited Liability Company; Does 1 through 10, inclusive, individuals and/or business entities of unknown nature,<br>　　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

　　　　Plaintiff Hana Modz, LLC ("Hana Modz"), for its Complaint against Defendants Gorilla Vapes, LLC ("Gorilla Vapes"), and Does 1-10 (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

　　　　1.　In this action, Hana Modz asserts that Defendants have infringed its trademarks and committed acts of unlawful competition in connection with the unauthorized sale of electronic cigarette products, bearing proprietary Hana Modz trademarks, designed to imitate Hana Modz products.  Hana Modz seeks injunctive relief and money damages to remedy the harm caused by Defendants' unlawful conduct.

## THE PARTIES

　　　　2.　Plaintiff Hana Modz is an Illinois Limited Liability Company with its principal place of business at 10204 Werch Drive, Suite 305, Woodridge, Illinois 60517.

　　　　3.　Upon information and belief, Defendant Gorilla Vapes is a New Jersey Limited Liability Company with its principal place of business at 305 Lacey Road, Unit 2, Forked River, New Jersey 08731.

　　　　4.　Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein.  Hana Modz is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, ratified, endorsed, or was otherwise involved in the acts

complained of, and that they have liability for such acts.  Hana Modz will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

5. Gorilla Vapes, the Doe Defendants, and their agents, affiliates, and other co-conspirators are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. § 1114 and § 1125.  This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

8. This Court has personal jurisdiction over Defendants because during all relevant times, Defendants have repeatedly, knowingly, and intentionally directed, and participated in, their activities in this Complaint in this judicial district.  While directing, and participating in, the activities alleged in this Complaint, Defendants made systematic and continuous contacts with this judicial district.

## FACTS

9. Electronic cigarette products are gaining significant market share as an alternative to traditional tobacco products.  In a common electronic cigarette product, the product houses a battery that is used to create an electrical current that reduces a liquid solution to fine particles (called "vaporizing") for inhalation by a user.  Advanced electronic cigarette products contain power electronics that can increase and regulate the flow of electricity to optimize the power that is used for vaporizing.  This can result in producing a larger and more consistent draw of vapor, prolonged battery life, and other beneficial functions that enhance the user experience.

10. Hana Modz developed one of the leading advanced electronic cigarette product lines on the market. The current generation of Hana Modz products, known as the Hana Modz Pack v3 and Hana Modz Mini Pack v3, contain an advanced chipset (known as a DNA-30) that offers a variety of advanced electronic cigarette functionality, including controlled power output up to 30 watts, over- and under-voltage protection, and a thermal shutdown. These products also contain an organic light-emitting diode display that provides charge status and other information, buttons to change the power output and to initiate vaporization, a built-in micro-USB charger, and other features. A connector allows the user to connect a separate heating element (known as an "atomizer") that uses the power provided by the Hana Modz product to heat a liquid into vapor for inhalation by the user.

11. Hana Modz sells its products exclusively through authorized third party distributors.

12. Hana Modz first began selling products under the "Hana Modz" brand name and Hana Modz logo (shown below) at least as early as April 1, 2013. Hana Modz is the owner of U.S. Trademark Application Serial Number 86256973 for the mark HANA MODZ in International Class 034 for "Electronic nicotine inhalator; atomizers and cartomizers for electronic smoking devices; Battery-powered, rechargeable portable vaporizing units."

13. Hana Modz also owns U.S. Trademark Registration 4620234 in International Class 034 for "Electronic parts, Battery packs, E-Cigarette Mods" for the logo mark shown here:



14. Defendant Gorilla Vapes is a seller of electronic cigarette products, which it markets and sells online through its website (www.gorillavapes.com), and through other online channels, including its Facebook and Twitter pages and various storefronts throughout New Jersey and

- 4 -

Virginia.

15. Defendants are not authorized distributors of Hana Modz products. Defendants have no authorization to sell products under the Hana Modz brand name or logo.

16. Defendants have been and are marketing and selling products using the Hana Modz brand name and a logo that is confusingly similar to the Hana Modz logo. In particular, Defendants have been and are marketing and selling products as "Gorilla Hana Modz." Attached as Exhibit A to this Complaint are true and correct copies of screen shots from www.gorillavapes.com showing Defendants' marketing of products using the Hana Modz brand name and a confusingly similar logo. Attached as Exhibit B to this Complaint are true and correct copies of screen shots from the Defendants' Facebook page and Twitter page showing Defendants' marketing of products using the Hana Modz brand name and a confusingly similar logo.

17. Defendants falsely represent to their customers and potential customers that their "Gorilla Hana Modz" products are authentic Hana Modz products, and that Gorilla Vapes is an authorized dealer of Hana Modz products.

18. Defendants market products using the Hana Modz brand name and a confusingly similar logo to take advantage of the significant name recognition, brand recognition, and goodwill surrounding Hana Modz products.

19. The products sold by Defendants are not authentic Hana Modz products. Instead, they are products manufactured and sold by third parties over whom Hana Modz exercises no control or authority.

20. Through these actions, Defendants are damaging the public by deceiving consumers into believing they are purchasing Hana Modz products when in fact they are purchasing imitation products. As a result of the actions of the Defendants, Hana Modz has suffered monetary damage in the form of lost sales due to the marketing and sales of infringing products by Defendants. By selling lower cost imitation products not manufactured or controlled by Hana

Modz, Defendants are damaging the valuable reputation and goodwill of Hana Modz in the marketplace by deceiving consumers into believing they are purchasing authentic Hana Modz products when in fact they are purchasing imitations.

## COUNT I – TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

21. Plaintiff Hana Modz realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

22. Hana Modz owns U.S. Trademark Registration 4620234 in International Class 034 for "Electronic parts, Battery packs, E-Cigarette Mods" for the logo mark shown here:



23. Defendants use a logo confusingly similar to the Hana Modz logo mark, U.S. Trademark Registration 4620234, as demonstrated by Exhibit A and Exhibit B herein. Defendants use this confusingly similar logo in connection with the marketing and sale of electronic cigarette products.

24. Defendants' use of a logo confusingly similar to the Hana Modz logo mark, U.S. Trademark Registration 4620234, is without the permission of Hana Modz.

25. Defendants' use of a logo confusingly similar to the Hana Modz logo mark, U.S. Trademark Registration 4620234, in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Hana Modz in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.  For example, users of Defendants' products are likely to be confused as to whether Defendants' products are associated

with or approved by Hana Modz.

26. If Defendants' conduct is permitted to continue, Hana Modz faces the risk of irreparable harm. Hana Modz's remedy at law is not by itself adequate to remedy Defendants' actions, and irreparable harm suffered by Hana Modz will continue unless this Court enjoins Defendants. Hana Modz is therefore is entitled to injunctive relief.

27. Furthermore, Hana Modz is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Hana Modz to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT II – TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a))

28. Plaintiff Hana Modz realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

29. Lanham Act Section 43(a), 15 USC § 1125(a), provides a federal cause of action for infringement of an unregistered trademark against a party who violates another party's common law trademark rights.

30. In this case, Hana Modz has been using the HANA MODZ mark and the Hana Modz logo in commerce in connection with the sale of electronic cigarette products at least since April 1, 2013. Hana Modz has protectable common law trademark rights in the HANA MODZ mark by virtue of the fact that these marks are suggestive, arbitrary, or fanciful in connection with the sale of Hana Modz electronic cigarette products.

31. Defendants' use of the name and term "Hana Modz," including, without limitation, in connection with the marketing and sale of electronic cigarette products, is likely to cause confusion, mistake or deception among users and the public as to the source, origin, sponsorship or quality of Defendants' products.

32. Defendants' use of the name and term "Hana Modz" is likely to confuse consumers, internet users (including actual and potential purchasers of Hana Modz products) and the public

- 6 -

into believing that Defendants are the source, origin or sponsor of Hana Modz's products or that Hana Modz otherwise approves of or has an affiliation with Defendants, all in violation of 15 U.S.C. § 1125(a), thereby causing loss, damage and injury to Hana Modz and to the public.

33. Hana Modz is entitled to recover Defendants' profits from the infringing use of the HANA MODZ mark, the lost profits suffered by Hana Modz as a result of the infringing conduct by Defendants, and the costs of this action.

34. If Defendants' conduct is permitted to continue, Hana Modz faces the risk of irreparable harm.  Hana Modz's remedy at law is not by itself adequate to remedy Defendants' actions, and irreparable harm suffered by Hana Modz will continue unless this Court enjoins Defendants. Hana Modz is therefore is entitled to injunctive relief.

35. Furthermore, Hana Modz is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Hana Modz to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III – FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36. Plaintiff Hana Modz realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

37. As a result of Hana Modz's widespread use of its Mark, Hana Modz's Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

38. Defendants' unauthorized use of the name HANA MODZ constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Hana Modz, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Hana Modz of Defendants' use of the HANA MODZ name.

39. These acts by Defendants constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a result of Defendants' actions, Hana Modz has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## COUNT IV – UNFAIR COMPETITION
### (New Jersey Unfair Competition Act & Common Law)

41. Plaintiff Hana Modz realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

42. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices in violation of the New Jersey Unfair Competition Act, N.J. Stat. Ann. §§ 56:4-1, *et seq.,* and New Jersey common law.

43. Specifically, Defendants misappropriate, for their own use, Hana Modz's brand, trademark, reputation, and goodwill by, among other things, representing to their customers and potential customers that their "Gorilla Hana Modz" products are authentic Hana Modz products, and that Gorilla Vapes is an authorized dealer of Hana Modz products.

44. The Defendants will, if not preliminary and permanently enjoined by the Court, continue their acts of unfair competition as defined by statute and the common laws of New Jersey, thereby deceiving the public, and causing Hana Modz immediate and irreparable harm, damage and injury.

45. Defendants' acts and practices occurred in the conduct of Defendants' trade or commerce.

46. Defendants' acts or practices affected the public interest by, among other things, deceiving consumers into believing they are purchasing Hana Modz products when in fact they are purchasing imitation products.

47. Defendants' acts alleged herein have caused monetary damages to Hana Modz in an amount to be proven at trial, and have caused, and will continue to cause, irreparable injury to

Hana Modz and its business, reputation, and trademarks unless and until Defendants are permanently enjoined.  Further, Pursuant to N.J. Stat. Ann. § 56:4-2, Hana Modz is entitled to treble damages.

48.  As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Hana Modz prays for judgment against Defendants as follows:

A. An award of Defendants' profits from their infringement and unfair competition with Hana Modz;

B. An award of Hana Modz's damages caused by Defendants' infringement and unfair competition with Hana Modz, trebled pursuant to N.J. Stat. Ann. § 56:4-2;

C. An injunction against Defendants and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them:

(1) Enjoining the use of the HANA MODZ mark, or any colorable imitation thereof or confusingly similar term, in the electronic cigarette market;

(2) Enjoining the use of the Hana Modz logo, or any colorable imitation thereof or confusingly similar logo, in the electronic cigarette market;

(3) Enjoining the advertising, marketing, promotion, sale, distribution, or other commercial use of the designation "Gorilla Hana Modz" or similar phrase in connection with the use of the HANA MODZ mark or Hana Modz name or logo; and

(4) Requiring the immediate removal of the HANA MODZ mark and Hana Modz logo from all websites owned or controlled by the enjoined parties, including but not limited to, www.GorillaVapes.com, the Gorilla Vapes Facebook page, the Gorilla Vapes Twitter page, relevant pages from electronic commerce sites, and all other text or media offering for sale any products making infringing use of the designations and content.

D.      An award of Plaintiff's attorneys' fees, expenses, and costs; and

E.      Such further relief as the Court deems just and reasonable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated:  December 31, 2014

By: */s/ Jeffrey D. Vanacore*

**PERKINS COIE LLP**
Jeffrey D. Vanacore
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
Telephone: 212.262.6900
Facsimile:  212.977.1649
Email: JVanacore@perkinscoie.com

BRIAN P. HENNESSY, *pro hac vice application to follow*
J. PATRICK CORRIGAN, *pro hac vice application to follow*
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA  94304
Telephone: 650.838.4300
Facsimile:  650.838.4595
Email:    bhennessy@perkinscoie.com
             pcorrigan@perkinscoie.com

*Attorneys for Plaintiff*
*Hana Modz, LLC*