**O'Malley, Surman & Michelini**
Susan E. DiMaria, Esq.
Attorney for Defendant Gorilla Vapes, LLC
17 Beaverson Blvd.
P.O. Box 220
Brick, New Jersey 08723
Telephone: (732) 477-4200
Fax:  (732)477-5554

*Attorneys for Defendant(s)*
*GORILLA VAPES, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HANA MODZ, LLC, an Illinois Limited Liability  Company | : | CIVIL ACTION NO. |
| Plaintiff(s) | : | Case No. 3:14-cv-08125-MAS-DEA |
| v. | : | |
| | : | |
| GORILLA VAPES, LLC, a New Jersey Limited Liability Company; Does 1 Through 10, inclusive, individuals and/or business entities of unknown nature, | : | **DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES** |
| | : | **JURY DEMAND** |
| Defendant(s) | : | Document Electronically Filed |

Defendant Gorilla Vapes, LLC ("Gorilla"), by its attorneys, O'Malley, Surman &

Michelini, answer the complaint in the above matter as follows:

1.   Defendant neither admits nor denies the allegations set forth in paragraph 1 because

they state the purpose of the action to which no responsive pleading is required.  To

the extent a response is required, Defendant neither admits nor denies the allegation

and leaves Plaintiff to its proofs.

2.   Defendant neither admits nor denies the allegations in paragraph  2 and leaves

Plaintiff to its proofs.

3.   Defendant admits the allegations in paragraph  3.

4.    Defendant neither admits nor denies the allegations in paragraph 4, which are directed at the Doe defendants.

5.    Defendant neither admits nor denies the allegations in paragraph 5, which identify the defendants  and are summary in nature.

## JURISDICTION AND VENUE

6.    Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.  Defendant neither admits nor denies the allegations set forth in paragraph  6  because they are legal conclusions to which  no responsive pleading is required.

7.    Defendant admits that it resides in this judicial district.  Defendant denies the balance of the paragraph insofar as it alleges that the events or omissions that give rise to the claims ever occurred or that it is responsible for same.

8.    Defendant admits that the Court has personal jurisdiction over it.  Defendant denies the balance of the paragraph to the extent that it alleges wrongdoing on its part.

## FACTS

9.    Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.  Defendant neither admits nor denies the balance of the allegations set forth in paragraph  9, which are explanatory in nature.

10.   Defendant neither admits nor denies the allegations of paragraph 10 as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

11. Defendant neither admits nor denies the allegations of paragraph 11 as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

12. Defendant neither admits nor denies the allegations of paragraph 12  as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

13. Defendant neither admits nor denies the allegations of paragraph 13 as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

14. Defendant admits the allegations in paragraph 14 except to the extent that it is alleged that Defendant operates all Gorilla Vapes storefronts throughout New Jersey and Virginia.  Some locations are operated by Defendant's franchisees.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16 and leaves Plaintiff to its proofs. .

17. Defendant denies the allegations in paragraph 17  and leaves Plaintiff to its proofs.

18. Defendant denies the allegations in paragraph 18 and leaves Plaintiff to its proofs.

19. Defendant denies the allegations in paragraph 19 and leaves Plaintiff to its proofs.

20. Defendant denies the allegations in paragraph 20 and leaves Plaintiff to its proofs.

<u>COUNT 1 – TRADEMARK INFRINGEMENT</u>
(15 U.S.C. 1114)

21. Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.

22.  Defendant neither admits nor denies the allegations of paragraph 22 as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

23.  Defendant denies the allegations in paragraph 23.  It specifically denies the allegation that it uses any logo which is confusingly similar to Plaintiff's.

24.  Defendant denies the allegations in paragraph 24.  It specifically denies the allegation that it uses any logo which is confusingly similar to Plaintiff's.

25.  Defendant denies the allegations in paragraph 25 and leaves Plaintiff to its proofs.  It specifically denies the allegation that it uses any logo which is confusingly similar to Plaintiff's.

26.  Defendant denies the allegations in paragraph 26 and leaves Plaintiff to its proofs. It specifically denies the allegation that Plaintiff is entitled to injunctive relief.

27.  Defendant denies the allegations in paragraph 27, and leaves Plaintiff to its proofs.

## COUNT II – TRADEMARK INFRINGEMENT
### (15 US.C. § 1125(a))

28.  Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.

29.  Defendant neither admits nor denies the allegations set forth in paragraph  29 because they are legal conclusions to which  no responsive pleading is required.

30.  Defendant neither admits nor denies the allegations of paragraph 30 as it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

31.  Defendant denies the allegations in paragraph 31 and leaves Plaintiff to its proofs.

32.   Defendant denies the allegations in paragraph 32.  Defendant does not sell Hana Modz products.   Defendant specifically denies the allegation that there has been any loss, damage or injury to Plaintiff.

33.   Defendant denies that plaintiff is entitled to the relief requested in paragraph 33.

34.   Defendant denies the allegations in paragraph 34.  Defendant specifically denies the allegation that there has been any loss, damage or injury to Plaintiff.  Defendant is not engaging in any act that would cause irreparable harm to Plaintiff.  Plaintiff is not entitled to the relief it seeks.

35.   Defendant denies the allegations in paragraph 35 and leaves Plaintiff to its proofs.

## COUNT III – FALSE DESIGNATION OF ORIGIN
## (15 US.C. § 1125(a))

36.   Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.

37.   Defendant neither admits nor denies the allegations of paragraph 37 it has no knowledge or information sufficient to form a belief as to the allegations stated therein.

38.   Defendant denies the allegations in paragraph 38 and leaves Plaintiff to its proofs. Defendant does not use the name Hana Modz.

39.   Defendant denies the allegations in paragraph 39.

40.   Defendant denies the allegations in paragraph 40.

## COUNT IV – UNFAIR COMPETITION
## (New Jersey Unfair Competition Act and Common Law)

41.   Defendant repeats and realleges each and every denial contained in the preceding paragraphs as if more fully stated herein.

5

42.   Defendant denies the allegations in paragraph 42, which are legal conclusion.

43.   Defendant denies the allegations in paragraph 43.

44.   Defendant denies the allegations of paragraph 44.  It specifically denies that it has caused Plaintiff any immediate and irreparable harm, damage or injury.

45.   Defendant denies the allegations in paragraph 45 and leaves Plaintiff to its proofs.

46.   Defendant denies the allegations in paragraph 46 and leaves Plaintiff to its proofs.

47.   Defendant denies the allegations in paragraph 47 and leaves plaintiff to its proofs.

48.   Defendant denies the allegations in paragraph 48.  It specifically denies that Defendant has been unjustly enriched and denies that Plaintiff is entitled to the relief it seeks.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief enumerated in its prayer for relief, or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which any relief, including, without limitation, an award of compensatory, pecuniary and punitive damages may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or   in part, or its recoverable damages should be reduced, because it failed to take reasonable steps to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that  Plaintiff seeks punitive damages, it is not entitled to such damages because there is no basis, legal or factual, for punitive damages to be awarded in this matter.

**WHEREFORE,** Defendant prays that the Court enter judgment:

a.      dismissing the entire Complaint, on the merits and with prejudice;

b.      granting to Defendant its costs, including attorneys' fees, incurred in this case; and

c.      granting to Defendant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable in this action.

Susan E. DiMaria, Esq.
**O'Malley, Surman & Michelini**
Attorney for Defendant Gorilla Vapes, LLC
17 Beaverson Blvd.
P.O. Box 220
Brick, New Jersey 08723
Telephone: (732) 477-4200
Facsimile: 732-477-5554
Email sdimaria@osm-law.com

Dated:   February 9, 2015